# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MARY B. SMITH,

    Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

    Defendants.

2:05-cv-01338-RCJ-LRL

**ORDER**

    Before the court are plaintiff's motions to compel discovery (## 14, 23) and defendant Clark County School District's (CCSD) Motion to Strike Plaintiff's Purported Motion to Compel (# 25). Plaintiff seeks an order compelling several items she claims defense counsel has refused to produce. CCSD replies that it has responded fully to plaintiff's discovery requests. Even so, CCSD argues that plaintiff's Motions should be dismissed because they fail to comply with the Federal Rules of Civil Procedure and this court's Local Rules.

    The court has an obligation to construe *pro se* pleadings liberally. However, *pro se* litigants must follow the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citation omitted). Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 26-7(b) require that the parties meet and confer before filing a discovery motion. If, after a good faith effort, the parties cannot resolve their differences then a party may file a motion to compel discovery. Discovery motions must have a statement attached that certifies that after conferring, the parties were unable to resolve the matter without court action. *See* LR 26-7(b). CCSD claims that no such meeting took place. Also, there is no statement certifying such a meeting took place attached to the plaintiff's Motions. In this instance, however, the court will address the discovery motions. Plaintiff should note

that any subsequent motions that do not substantially comply with the Federal Rules of Civil Procedure and the Local Rules[1] will be stricken, upon motion, by the court.

Plaintiff claims CCSD has not complied with four of her discovery requests: (1) a recording of plaintiff's visit to Monte Bay's office in the summer of 2005; (2) a copy of the resolution of a claim plaintiff filed against Mrs. Harmon in 2003; (3) agendas of meetings between Monte Bay, Kathleen Froscini, and Richard Arguello; and (4) hall monitoring tapes from January 2003 through February 2004.

In its responses to discovery requests CCDC clearly states that the recording of the visit to Monte Bay's office in the summer of 2005 and the hall monitoring tapes do not exist. See Def.'s Mot. (# 25) Ex. 1. CCSD clearly cannot turn over discovery that does not exist.

CCSD objects to plaintiff's request for a copy of the resolution of a claim plaintiff filed against Mrs. Harmon in 2003. This resolution is apparently contained in Mrs. Harmon's personnel file, as to which CCSD asserts privilege and privacy concerns. Discovery is permitted "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Information contained in personnel files is subject to privacy protections and may be discoverable only in certain circumstances. *See Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999) (noting that personnel files might contain "highly personal information" and other work-related problems unrelated to plaintiff's claim); *Atkinson v. Denton Publ'g Co.*, 84 F.3d 144 (5th Cir.) (holding that where there was a lack of any nexus between plaintiff's complaint and the employees whose personnel files were requested the District Court did not abuse its discretion in denying plaintiff's motion to compel). Here, plaintiff has not shown that the information she seeks from Mrs. Harmon's personnel file is relevant to her claim. Thus, the court will not compel CCSD to produce documents contained in Mrs. Harmon's personnel file.

Last, plaintiff seeks agendas from certain meetings. Plaintiff argues that these agendas are

---

[1] The Local Rules are available at www.nvd.uscourts.gov.

2

related to her conspiracy claim in Count I of her Complaint.  Again plaintiff does not show the court why these items are relevant.

     Accordingly, and for good cause shown,

     IT IS ORDERED that plaintiff's Motion the Court (# 14) and Motion the Court to Compel Defense Counsel to Share in Discovery (# 23) are DENIED.

     IT IS FURTHER ORDERED that Defendant Clark County School District's Motion to Strike Plaintiff's Purported Motion to Compel (# 25) is DENIED.

     DATED this 1st day of September, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**